UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEFFREY SIEGEL, RICHARD SIEGEL and
JUNE SIEGEL,

                        Plaintiffs,

v.

THOMAS KONTOGIANNIS, MICHAEL
RICARDO TOPPIN, TOPPIN & TOPPIN,
THEODORE SIMOS and SAPPHIRE LUXURY
ESTATES,

                        Defendants.

**ORDER**
15-CV-2856 (MKB) (JO)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Jeffrey Siegel, Richard Siegel and June Siegel commenced the above-captioned action on May 18, 2015, alleging that Defendants Thomas Kontogiannis, Michael Ricardo Toppin, the law firm of Toppin & Toppin, Theodore Simos and Sapphire Luxury Estates ("Sapphire") defrauded Plaintiffs and were unjustly enriched in connection with the transfer of real property located at 3301 Atlantic Avenue in Brooklyn, New York (the "Property"). (Compl., Docket Entry No. 1.)

**I. Background**

The Court assumes the parties' familiarity with the facts of the case, which are set forth in greater detail in Magistrate Judge James Orenstein's Report and Recommendation dated March 14, 2017 (the "R&R"). (*See* R&R, Docket Entry No. 129.) In 2008, Plaintiffs and their family-owned company, Blue Ridge Farms, Inc., filed suit in New York State Supreme Court, Kings County against Kontogiannis, his daughter, and their company, 3301 Atlantic Avenue LLC ("Atlantic"), bringing tort and breach of contract claims related to the transfer of the

Property from Plaintiffs to Atlantic. (*See id.* at 2 (citing *Blue Ridge Farms Inc. v. Kontogiannis et al.*, Index No. 23246/08 (N.Y. Sup. Ct. 2008) (the "Blue Ridge Action")).) Plaintiffs prevailed in the Blue Ridge Action and secured several judgments against Kontogiannis and his daughter for monetary damages and injunctive relief, including rescission of the original property transfer to Atlantic. (*Id.*)

In brief, Plaintiffs attempted to enforce their judgments in the Blue Ridge Action in part by obtaining a quitclaim deed from Kontogiannis' daughter to her membership interest in Atlantic. (*Id.*) Plaintiffs then adopted a resolution amending the operating agreement of Atlantic to appoint Richard Siegel as the managing member of Atlantic, with sole power to act on its behalf. (*Id.* at 3.) Shortly thereafter, Kontogiannis also represented himself as a managing member of Atlantic and executed a deed transferring ownership and title of the Property to Sapphire, which was owned by Kontogiannis' nephew, Simos.[1] (*Id.*) Without knowledge of this transfer, Plaintiffs entered into a written agreement with a non-party to assign Plaintiffs' rights in the Property, and, upon learning that a deed to the Property had been recorded by Sapphire, terminated the non-party agreement at their own expense. (*Id.*) Plaintiffs then assigned all of their remaining rights and interests in the Property to non-party 3301 Atlantic Partners LLC ("Atlantic Partners") for what Plaintiffs contend was a severely reduced price of $300,000. (*Id.*) Weeks after Plaintiffs' assignment to Atlantic Partners, Sapphire and Simos transferred the deed for the Property to a company called Atlantic Chestnut LLC for $324,000. (*Id.* at 3–4.) This action followed.

Plaintiffs allege that, despite knowing that managing membership in Atlantic and interest

---

[1] Simos appears to have been represented by Toppin and his law firm, Toppin & Toppin, during several of the relevant transactions.

in the Property had been turned over to Plaintiffs by quitclaim deed and judgment, Defendants engaged in a "common plan" to fraudulently interfere with Plaintiffs' ability to enforce their court judgments and rights in the Property. (Compl. ¶¶ 51–55.) Defendants allegedly effected this plan by fraudulently transferring the Property to Sapphire and Simos for virtually no consideration and then transferring it to Atlantic Chestnut, forcing Plaintiffs to terminate their rights for significantly less than they were owed. (*Id.* ¶¶ 56–61.)

On July 21 and 22, 2016, all of the parties except for Kontogiannis[2] filed motions for summary judgment. (*See* Pls. Mot. for Summ. J., Docket Entry No. 114; Sapphire Mot. for Summ. J., Docket Entry No. 117; Toppin Mot. for Summ. J., Docket Entry No. 122.) By order dated August 3, 2016, the Court referred the motions to Judge Orenstein for a report and recommendation. (*See* Order Referring Mot. dated Aug. 3, 2016.) In the R&R, Judge Orenstein identified several issues of material fact and recommended that the Court deny all three motions for summary judgment. (*See* R&R 1, 10, 18.) No party has opposed the R&R.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x

---

[2] Kontogiannis is currently incarcerated in Fort Dix, New Jersey, and proceeds *pro se* in this action.

107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The Court denies Plaintiffs' motion for summary judgment, Toppin's motion for summary judgment, and Sapphire and Simos' motion for summary judgment.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 29, 2017
      Brooklyn, New York